UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAYA C. CARON, | Case No. EDCV 18-1301-R (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| VIRGINIA HEROLD, ET AL., | |
| Defendant(s). | |

**I.**

**INTRODUCTION**

Craya C. Caron ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Virginia Herold in her individual capacity and California Board of Pharmacy ("BOP") ("Defendants"). ECF Docket No. ("Dkt.") 1. As discussed below, the Court dismisses the Complaint with leave to amend.

///
///
///
///
///

# II.
# **ALLEGATIONS IN COMPLAINT**

On June 15, 2018, Plaintiff filed the Complaint against Defendants.[1] See Dkt. 1. Plaintiff claims (1) Defendants "depriv[ed] Plaintiff of her rights to practice pharmacy as well as constitutional rights to free speech and rights to procedurally redress grievances"; (2) Defendants "retaliated" against her while "acting under the color of authority and law"; (3) Defendants carried out a "conspiracy to obstruct justice . . . under the directions of . . . Virginia Herold"; and (4) Defendants published "libelous" information on the BOP website. Id. at 30-36.

Plaintiff alleges the following in her Complaint. Plaintiff was a licensed pharmacist who worked at CVS Pharmacy in 2012. Id. at 6. "On or about September 1, 2012" Plaintiff reported to law enforcement, CVS Pharmacy, and BOP a "criminal violation of pharmacy law committed by a . . . CVS non-pharmacist front-store manager". Id. Following the report Plaintiff was suspended by CVS pending an investigation. Id. During the investigation, CVS requested Plaintiff attend a meeting to discuss the incident. Id. When CVS refused to allow Plaintiff to attend the meeting with counsel, CVS terminated her employment. Id.

"On or about October 15, 2012" Plaintiff filed complaints with California Division of Labor Standards Enforcement ("DLSE") against CVS for unpaid wages and retaliatory termination and with BOP against CVS for unlawful

---

[1] Plaintiff also names Doe defendants in the Complaint. However, even as to Doe defendants, a plaintiff must allege sufficient facts to state a claim to survive dismissal on the pleadings. See Wilson v. Fla. Dep't of Revenue, No. 14-CV-04726-JCS, 2015 WL 136557, at *11 (N.D. Cal. Jan. 8, 2015) (recognizing plaintiffs should generally be permitted to pursue discovery to identify Doe defendants but dismissing Doe defendants for failure to state a claim because they were only named in the caption, and the court had "no clue why the John Does are being named as defendants" (citing Lopez v. Bank of Am., 2011 WL 1134671, at *3 (E.D. Cal. Mar. 28, 2011))). Plaintiff fails to allege any wrongful actions for any specific Doe defendant. Therefore, all claims against Doe defendants are subject to dismissal.

pharmacy operations. Id. at 7. "On or about December 1, 2012, Virginia Herold as the Executive Officer of the BOP, *came to learn* that during Plaintiff's 6-year tenure with CVS, Plaintiff had, through undercover investigation, compiled facts and evidence as to unlawful activities involving BOP inspectors, Labor Commissioners and CVS management." Id. at 7-8. Defendant Herold, following her discovery of "Plaintiff's role as an investigator and possible wrongdoing involving BOP inspectors, Labor Commissions and CVS management[,] . . . made a personal decision to retaliate against Plaintiff." Id. at 8. Defendant Herold "personally instructed BOP inspector Simin Samari to investigate all of Plaintiff's activities which included Plaintiff's DLSE complaints". Id.

The DLSE "dismissed Plaintiff's DLSE claims for unpaid wages". Id. at 13. Plaintiff then filed an appeal of the dismissal in Orange County Superior Court. Id. at 13. CVS attorneys objected to any other Judge or Commissioner "other than Jane Mayers hearing Plaintiff's DLSE appeal". Id. Labor Commissioner Mayer presided over the hearing. Id. at 14. The hearing was one-sided, so Plaintiff filed a motion for voluntary dismissal and reconsideration. Id. Plaintiff came to realize the "existence of *systematic bias* involving CVS's *powerful* influence upon the DLSE and BOP" from the outcome of these proceedings. Id. at 15. Another judge presided over the reconsideration hearing where the judge ruled "in favor of Plaintiff in dismissing Plaintiff's claim, vacating rulings[,] . . . and allowing Plaintiff to move forward in filing a new civil lawsuit against CVS on labor claims of retaliatory termination and unpaid wages". Id. at 16.

"On or about April 4, 2013" Plaintiff "discovered that BOP Simin Samari, who works under the direction of BOP Executive Director Virginia Herold, had been exchanging confidential ex parte information between the BOP and the DLSE Labor Commissionsers responsible for adjudicating Plaintiff's retaliatory termination complaint". Id. at 16. "On or around August 1, 2016", after filing

3

lawsuit against CVS for retaliatory termination and unpaid wages in U.S. District Court, Plaintiff settled the case with CVS. Id.

Plaintiff submitted a letter of complaint in March 2013 against the BOP to numerous governmental offices. Id. at 16. "On or about June 30, 2014" Plaintiff received a BOP citation that "*corresponds in time* whereby [defendant] Herold *came to learn* of Plaintiff's" complaint against the BOP. Id. at 17. The citation was "premised on the meritless grounds of '*leaving the pharmacy for 15 minutes*'". Id. at 18. Plaintiff never received the citation. Id. at 19. The "BOP adjudicated the said citation", suspended Plaintiff's pharmacy license, and fined her $1,000. Id. Plaintiff did not learn about the suspension until March 2016. Id. Plaintiff asked BOP to reconsider the suspension but the BOP refused. Id. at 20. Plaintiff filed a writ of mandamus seeking to overturn the BOP's refusal, where the Superior Court denied her relief. Id. Following appeal, the California Court of Appeal affirmed the Superior Court's decision. Id.

"On or about September 29, 2017" Plaintiff received from the BOP a "'Petition to Compel and Order for Psychological Examination'". Id. at 21. Plaintiff "voluntarily and cooperatively complied with the BOP order" and completed an examination. Id. at 23. Following the examination, on March 16, 2018, she received a "Notice of Accusation" from the BOP claiming the psychiatrist who completed her examination "*rendered an opinion that* [Plaintiff] *suffers from a mental disorder that seriously impacts her ability to practice the pharmacy profession in a safe manner.*" Id. at 24. The accusation was subsequently published on the BOP website. Id. at 23.

In sum, Plaintiff alleges defendant Herold, because of a "personal *vendetta*" against Plaintiff for investigating CVS and BOP's alleged wrongdoings and filing BOP and DLSE complaints, intentionally attempted to deprive Plaintiff from practicing pharmacy. Id. at 30-36. Plaintiff alleges defendant Herold "acting in her individual capacity under the color and authority of law, sought and succeeded in

4

depriving Plaintiff of her rights to practice pharmacy" and "constitutional rights to free speech and rights to procedurally redress grievances." Id. at 30. Plaintiff adds defendants Herold and the BOP conspired and retaliated against Plaintiff to damage her "professional career, professional reputation, ability to obtain gainful employment and subsequent public reputation". Id. at 31-32. Plaintiff claims Defendants defamed Plaintiff's reputation by "purposely publish[ing] and ma[king] known to the general public" the "false, disparaging and libelous" Notice of Accusation on the BOP website. Id. at 34.

Plaintiff thus seeks monetary damages from Defendants and injunctive relief against BOP ordering BOP to "immediately remove from public view the BOP's website publication that is disparaging to Plaintiff." Id. at 36.

### III.
### STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a

5

cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103,

1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A. THE ELEVENTH AMENDMENT BARS CLAIMS AGAINST DEFENDANT CALIFORNIA BOARD OF PHARMACY

#### 1. Applicable Law

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether a plaintiff "seeks damages or injunctive relief." Id.; Pennhurst State School, 465 U.S. at 102. "Eleventh Amendment immunity extends to state agencies and other governmental entities that can be viewed as 'arms of the State.'" Maryland Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 261 n.8 (4th Cir. 2005) (citing P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993) ("[A] State and its 'arms' are, in effect, immune from suit in federal court.")).
///
///

#### 2. Analysis

Here, Plaintiff seeks injunctive relief and damages from the BOP. The BOP, however, is part of the California Department of Consumer Affairs, which is an agency of the State's executive branch. Cal. Bus. & Prof. Code § 4001(a). Thus, the BOP can be viewed as an "'arm[] of the State'" immune under the Eleventh

Amendment from suit in federal court. See Maryland Stadium Auth., 407 F.3d at 261 n.8. Thus, the Eleventh Amendment bars Plaintiff from bringing any claims against the BOP.

## B. PLAINTIFF FAILS TO ALLEGE A SECTION 1983 CLAIM AGAINST DEFENDANT HEROLD

### 1. Applicable Law

Section 1983 prohibits persons acting under color of law from depriving individuals of their constitutional rights. 42 U.S.C. § 1983. Because vicarious liability does not apply to Section 1983 actions, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A defendant may be held liable as a supervisor only "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotation marks and citations omitted). Accordingly,

> [e]ven under a "deliberate indifference" theory of individual liability, the [p]laintiff[] must still allege sufficient facts to plausibly establish the defendant's "knowledge of" and "acquiescence in" the unconstitutional conduct of his subordinates. In short, . . . "bald" and "conclusory" allegations are insufficient to establish individual liability under 42 U.S.C. § 1983.

Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012) (internal quotation marks and citations omitted). Moreover, even "[i]f a person should have been aware of the risk, but was not, then the person has not violated the Eighth Amendment, no matter how severe the risk." Gibson v. Cty. of Washoe, Nev., 290 F.3d 1175, 1188 (9th Cir. 2002).

### 2. Analysis

8

Here, Plaintiff fails to plead defendant Herold violated the Constitution through her own actions under supervisory liability. See Iqbal, 556 U.S. at 676. Although Plaintiff alleges defendant Herold "personally supervised" BOP inspector Samari, who investigated Plaintiff's BOP complaint against CVS, Plaintiff fails to show defendant Herold's personal involvement in a constitutional deprivation. See Starr, 652 F.3d at 1207. While Plaintiff alleges defendant Herold "personally instructed BOP inspector Samari to investigate" Plaintiff, Plaintiff fails to allege facts demonstrating defendant Herold personally participated in Plaintiff's CVS employment termination, the courts' rejections of her complaints, the BOP's citation, and the BOP's website publication. See id. In addition, Plaintiff fails to establish a causal connection between any of defendant Herold's individual actions and any alleged constitutional violation.

Thus, Plaintiff's bald and conclusory allegations against defendant Herold are insufficient to establish individual liability against defendant Herold under Section 1983. See Hydrick, 669 F.3d at 942. As such, Plaintiff's Section 1983 claim against defendant Herold must be dismissed.

**C.  PLAINTIFF FAILS TO STATE CONSPIRACY CLAIMS UNDER 42 U.S.C. §§ 1985(2) & (3)**

   **1.  Applicable Law**

To state a Section 1985(2) conspiracy claim, a plaintiff must demonstrate either (1) a conspiracy "hampered the [plaintiff's] ability to present an effective case in federal court," Rutledge v. Arizona Board of Regents, 859 F.2d 732, 735 (9th Cir. 1988), or (2) a conspiracy motivated by class-based, invidiously discriminatory animus obstructed the plaintiff's access to state court, Portman v. Cty. of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993). To state a Section 1985(3) conspiracy claim, a plaintiff must demonstrate "a deprivation of a right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus

behind the conspirators' action." RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002) (citation omitted).

    **2.    Analysis**

Here, Plaintiff alleges Defendants conspired to obstruct justice against Plaintiff to damage her "professional career, professional reputation, ability to obtain gainful employment and subsequent public reputation". Dkt. 1 at 31-32. For her Section 1985(2) claim, however, Plaintiff does not allege facts demonstrating a conspiracy "hampered" her ability to present an effective case in federal court. See Rutledge, 859 F.2d at 735. Likewise, for both her Section 1985(2) and Section 1985(3) claims, Plaintiff fails to allege facts demonstrating a conspiracy motivated by "class-based, invidious discriminatory animus." See Portman, 995 F.2d at 909; RK Ventures, Inc., 307 F.3d at 1056.

Thus, Plaintiff fails to meet any of the elements necessary for Section 1985(2) and Section 1985(3) claims. As such, Plaintiff's Section 1985 conspiracy claims must be dismissed.

**D.    THE COURT DECLINES TO EXERCISE SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S STATE LAW RETALIATION AND LIBEL CLAIMS**

The Court has original jurisdiction solely over Plaintiff's federal law claims, which should be dismissed for the reasons set forth above. "Where a district court 'dismiss[es] every claim over which it had original jurisdiction,' it retains pure[] discretion[]' in deciding whether to exercise supplemental jurisdiction over the remaining claims." Lacey v. Maricopa Cty., 693 F.3d 896, 940 (9th Cir. 2012) (alterations in original); see also 28 U.S.C. § 1367(c). Thus, because Plaintiff's federal law claims should be dismissed, the Court declines to exercise supplemental

jurisdiction over Plaintiff's state law retaliation[2] and libel claims. Accordingly, Plaintiff's retaliation and libel claims are dismissed for lack of jurisdiction.

## V.
## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

---

[2] To the extent Plaintiff seeks to bring a retaliation claim under federal law, Plaintiff shall so specify. Moreover, the Court notes none of the named Defendants are properly construed as "employers" as required for a federal retaliation claim. See 42 U.S.C. § 2000e(b) (defining "employer" for purposes of Title VII); Miller v. Maxwell's Int'l, 991 F.2d 583, 587-88 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable for damages under Title VII['s unlawful employment practices statute].").

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" <u>Ismail v. Cty. of Orange</u>, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: July 17, 2018

*/s/ Kenly*

HONORABLE KENLY KIYA KATO
United States Magistrate Judge